IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LARRY ROBINSON,

        Plaintiff,

v.

ANTHONY PECK and ADVANCE
STORES COMPANY,
INCORPORATED, D/B/A
ADVANCE AUTO PARTS,

        Defendants.

1:14-cv-01628-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Larry Robinson's ("Robinson" or "Plaintiff") Motion to Remand ("Motion" [6]).

### I.     BACKGROUND

On April 25, 2014, Plaintiff filed his Complaint ("Complaint" [1.1]) in the State Court of DeKalb County, Georgia.[1] Plaintiff asserts that, on May 6, 2012, he was injured at Defendant Advance Auto Parts' ("Advance" or "Defendant") store in Chamblee, Georgia. Plaintiff alleges that, when he exited the store, he "slipped and fell on a liquid that had fallen or accumulated on and remained on the surface near the exit area of the store premises." (Compl. at ¶ 7). Plaintiff alleges that

---

[1] No. 14A5188-1.

Anthony Peck ("Peck") was the General Manager at the time of the accident and had "overall responsibility to keep the premises in good repair and free of defects and dangers to the public who would come upon the premises as business invitees." (Compl. at ¶ 2). Plaintiff further asserts that Advance and its agents were negligent in failing to warn him of the "dangerous condition imminently perilous to Plaintiff." (Id. at ¶ 10). Plaintiff states that he suffered "severe injuries of body and mind [that he] still suffers, and continues to suffer . . . [and was] permanently partially disabled." (Id. at ¶¶ 12, 15). Plaintiff seeks general and special damages, in unspecified amounts, "the costs of this action," and "further relief that the Court or jury may deem fair, just, and equitable." (Id. at ¶ 18).

On April 30, 2014, a process server personally served a copy of the Complaint and Summons on Advance's registered agent in Marietta, Georgia.

On May 1, 2014, process server Roberto Zayas ("Zayas") attempted to serve Peck by leaving a copy of the Complaint and Summons with current store manager, Phillip Johnson.[2]

On May 20, 2014, Zayas attempted to serve Peck at 3862 Pleasant Oak

---

[2] Defendants dispute whether serving the Complaint to Phillip Johnson was sufficient service as to Anthony Peck because he was not employed by Advance on May 1, 2014, and Phillip Johnson was not "an agent with any authority to accept service of process on his behalf." (Notice at ¶ 4).

Drive, Lawrenceville, Georgia.  (Ex. A [6.1] at 10).  There, he purportedly encountered Martha Johnson in the driveway.  Zayas asked whether Peck lived at the address.  According to Zayas, she would not confirm or deny whether Peck lived there.[3]  (Id.).  Based on Ms. Johnson's evasive response, Zayas states that he had reason to believe Peck resided at the address and placed the Summons and Complaint in Ms. Johnson's hands.  (Id.).  She allegedly threw the papers to the ground, stating that she did not want to get involved in the matter and told Zayas that she would notify Peck that he was searching for him.  (Id.).  Zayas states that he "notoriously served Anthony Peck by leaving Summons, Complaint and Appointing order in hand of Ms. Martha Johnson."  (Id.).

On May 20, 2014, Defendant's counsel sent a proposed stipulation to Plaintiff's counsel, requesting that Plaintiff stipulate that his damages are less than $75,000.  ("Proposed Stipulation" [1.7]).  Plaintiff did not sign the stipulation.

On May 29, 2014, Defendant removed the DeKalb County action to this Court on the basis of diversity jurisdiction.  (Notice at ¶ 7).  In support of removal, Defendant states that Plaintiff is a citizen of Chamblee, DeKalb County, Georgia and that Advance is a corporation "formed under the laws of the State of Delaware" and headquartered in Roanoke, Virginia.  (Id. at ¶ 8).  Defendant asserts

---

[3]   On May 21, 2014, Peck confirmed that his address is 3862 Pleasant Oak Drive, Lawrenceville, Georgia in his affidavit.  ("Peck Aff." [1.4] ¶ 1).

3

that Peck was not served and thus was not required to join the removal because he was not a party at the time of removal.[4]  Defendant further contends that complete diversity exists between Plaintiff and Advance.  Defendant claims that the amount in controversy requirement is also met because Plaintiff did not sign Advance's requested stipulation that Plaintiff's damages in this action do not exceed $75,000 exclusive of interests and costs.[5]  (Id. at ¶ 9).

On June 26, 2014, Plaintiff filed his Motion to Remand.  Plaintiff argues that removal was improper because Peck, a properly served defendant in this action, did not join in the removal.  (Mot. at ¶¶ 1-6).  Plaintiff also asserts that Plaintiff and Peck are citizens of Georgia and thus complete diversity does not exist.  (Id. at ¶ 7).  Finally, Plaintiff argues that Defendant did not meet its burden to show, by a preponderance of the evidence, that the jurisdictional amount requirement is met.

On July 10, 2014, Advance filed its Brief in Opposition to Plaintiff's Motion to Remand ("Opposition" [8]).  Defendant argues that Peck was fraudulently

---

[4]  Defendant also argues in its Opposition to Remand that the affidavit of service regarding service at 3862 Pleasant Oak Drive "does not indicate that [service] was completed on the premises on Anthony Peck's home."  (Opp. at 3). The affidavit does, however, state that Zayas "encountered [Martha Johnson] at the driveway."  (Ex. A. [6.1] at  10).

[5]  Defendant argues that, because Plaintiff declined to sign the stipulation, "[i]t must therefore be presumed that Plaintiff contends that the amount in controversy is in excess of $75,000, and as such, this action meets the jurisdictional requirements of 28 U.S.C. § 1332(a)."  (Notice at ¶ 9).

4

joined to defeat diversity and his citizenship is not considered to determine if diversity exists.[6]  (Opp. at 5).  Defendant argues also that Peck was not properly served, is not a party to the case, and was not required to join the removal.  (Id. at 10-13).  Defendant reiterates that Plaintiff refused to stipulate to limit his claim for damages to $75,000, and argues further that the nature of the damages he alleges establishes, by a preponderance of the evidence, that the jurisdictional amount was met.  (Id. at 14-15).

## II.    DISCUSSION

### A.    Legal Standard

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

---

[6]   Defendant argues that Peck should be dismissed because Plaintiff cannot establish a cause of action against him.  (Opp. at 6).  Advance asserts that Peck cannot be personally liable for Plaintiff's fall because he was not an owner or occupier of the premises, and was not exercising supervisory control over the premises at the time of the accident.  (Id. at 6-8).

Defendant also states that the history of this case supports that Peck was joined simply to destroy diversity.  (Id. at 9-10).  On July 11, 2013, Plaintiff filed his original state court action naming Advance Auto Parts as the only defendant.  (Case No. 13A-47903-1).  Advance removed the case to this Court on the basis of diversity jurisdiction.  (Case No. 1:13-cv-02678-JEC).  Plaintiff later moved to voluntarily dismiss the case without prejudice.  On March 18, 2014, Judge Carnes granted the motion.  On April 25, 2014, Plaintiff re-filed this action in state court naming Anthony Peck and Advance as defendants.

28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over claims in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Defendant removed this action based on diversity jurisdiction.

A removing defendant must, upon removal, file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. When removal is based on diversity of citizenship pursuant to § 1441(a), "all parties who are properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Under Georgia law, a plaintiff must serve prospective defendants in accordance with O.G.C.A. § 9-11-4(e)(7). Section 9-11-4(e)(7) requires service on the "defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion *then residing therein*, or by delivering a copy of the summons and complaint to an *agent authorized by appointment or by law* to receive service of process." O.G.C.A. § 9-11-4(e)(7) (emphasis added).

After showing that citizenship requirements are met, a district court must consider whether the requisite amount in controversy is established. "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in

6

controversy," or a district court may find "by a preponderance of the evidence that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the . . . jurisdictional requirement.'" Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)). If a plaintiff makes a specified damage demand of less than $75,000 but alleges other damages in an unspecified amount, the Court may find that the jurisdictional amount requirement is met if the preponderance of the evidence shows it is more likely than not that the jurisdictional amount requirement is satisfied. See Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002) (holding that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other specified damage claims, can provide sufficient notice that an action is removable.") (quoting Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)); see also Carr v. Halloway, 5:09-CV-327, 2010 WL 3937407 at *3 (M.D. Ga. Oct. 1, 2010).

Where a defendant alleges an unspecified amount in controversy, the district court may examine the allegations in the complaint and use its "judicial experience and common sense" to determine if the amount in controversy has been met.  Roe, 613 F.3d at 1062.  In evaluating the complaint allegations to determine the jurisdictional amount, the district court is not required to "suspend reality or shelve common sense in determining whether the face of the complaint establishes the jurisdictional amount."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 770 (11th Cir. 2010) (quoting Roe v. Michelin N. Am., Inc., 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)).  A court also may make deductions and inferences from the Complaint allegations.  Arrington v. State Farm Ins. Co., 2:14-CV-209, 2014 WL 2961104 at *6 (M.D. Ala. July 1, 2014).

In the end, a court must use its judgment to determine if the allegations, coupled with the other evidence submitted, show that the jurisdictional amount requirement is satisfied.  See Pretka, 608 F.3d. at 754.

B.   Analysis

1.   Diversity of the Parties

The parties dispute whether Peck was properly served and whether he was fraudulently joined. Plaintiff claims that Zayas served Peck on two occasions. First, he apparently claims that service on Phillip Johnson was sufficient because Johnson purportedly agreed to accept service on Peck's behalf. Whether Johnson agreed to accept service or not is not consequential. Someone who claims to have a relationship with a prospective defendant cannot agree to accept service of process on behalf of a defendant. The determinative factor is whether the person who accepted service was the defendant's actual agent. Headrick v. Fordham, 268 S.E.2d 753, 755 (Ga. App. 1980) ("Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent."). That Johnson and Peck knew each other is insufficient to show that Johnson was Peck's actual agent for purposes of service of process. Zayas was also not at the Advance store to serve Peck through Johnson. Zayas stated that he was only there to "obtain information as to where Anthony Peck [was] located." (Zayas Aff. [1.3] at 4). The evidence does not show that Zayas believed that Johnson was Peck's actual agent. Johnson simply accepted the summons and complaint because Zayas handed it to him. Delivery of his pleadings to Johnson was not service on Peck.

Plaintiff next argues that service on Martha Johnson was sufficient to constitute service on Peck. The Court disagrees. Accepting that Peck resided at 3862 Pleasant Oak Drive, where the Summons and Complaint were delivered to Martha Johnson, there is no evidence that she lived there, as well. O.C.G.A. § 9-11-4 requires that process be left with "some person . . . *then residing therein.*" O.C.G.A. § 9-11-4(e)(7). Coombs v. Koblasz, 246 Ga. App. 67 (Ga. App. 2000). (finding that service of process was insufficient where process was served on a friend who was at defendant's home to water the plants and collect the mail while defendant was out of the country).

The Court finds that Peck was not sufficiently served in this action and thus he is not a party to this case.

## 2. Amount in Controversy

Plaintiff and Advance are the only parties in this action and their citizenship is diverse. The Court next considers if the amount in controversy is satisfied. The Complaint alleges that Plaintiff "slipped and fell on a liquid that had fallen or accumulated on the surface near the entry" and "suffered immediate, continuing, and permanent injuries, which causes [sic] extreme and disabling pain." (Compl. at ¶¶ 9, 13). He alleges a generic scattershot list of unspecified damages:

A. Personal injuries;

B.  Pain and suffering;

C.  Mental anguish;

D.  Loss of the capacity for the full enjoyment of life;

E.  Impaired ability to labor;

F.  Loss of earning capacity;

G.  Incidental expenses;

H.  Expenses for seeking medical treatment;

I.  Future medical expenses; and

J.  Permanent injury.

(Id. at ¶ 16).  Plaintiff also alleges a claim for "general and special damages" in unknown amounts.  (Id. at ¶ 18(B)).  Plaintiff concludes with a demand for "the costs of litigation" and "further relief that the Court or jury may deem fair, just and equitable."  (Id. at ¶ 25(C), (D)).

Plaintiff alleges only generalized facts about the cause of his fall.  He does not allege the nature of his injury, the body part or parts affected, the recovery period required, the method of treatment received, the cost of past treatment, or the projected cost of future treatment.  The Court cannot, based on the Complaint allegations, determine whether the amount in controversy is satisfied.  The description in the Complaint of Plaintiff's injuries and cost of medical treatment is

simply too sparse and inexact.  See Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361, 1379 (N.D. Ga. 2011) (holding that plaintiff's description of his injuries in his complaint as "permanent" was insufficient to enable the court to determine that the amount in controversy was satisfied); see also Grant v. Wal-Mart Stores E., LP, 5:14-CV-119, 2014 WL 2930835 at *1 (M.D. Ga. June 27, 2014) (finding that the complaint at issue "generically describe[d] the harm suffered as 'severe injuries that required extensive medical treatment' . . . and that it [was] not facially apparent from the complaint that the amount in controversy exceed[ed] $75,000.").

Based on the scant, conclusory assertions of injury and damage, the Court finds the allegations in the Complaint do not prove, by a preponderance of the evidence, that the claims more likely than not exceed the jurisdictional amount. Roe, 613 F.3d at 1061.[7]

---

[7] Defendant argues that Plaintiff's decision not to stipulate that his damages are no more than $75,000 demonstrates, by a preponderance of the evidence, that the amount in controversy clearly exceeds the jurisdictional threshold.  It is well-settled that a Plaintiff's refusal to stipulate to a particular amount in damages is not evidence of the amount in controversy.  Williams v. Best Buy Co., Inc., 269 F.3d 1316 at 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue."); see also Cross v. Wal-Mart Stores, E., LP, 7:11-CV-21 HL, 2011 WL 976414 at *1 (M.D. Ga. Mar. 17, 2011) (Holding that a plaintiff's refusal to stipulate that the total value of his damages are less than $75,000 is inadequate to prove the amount in controversy).

## III. CONCLUSION

For the reasons stated above, the Court lacks diversity jurisdiction under 28 U.S.C. § 1441(a), and this action is thus required to be remanded. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [7] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this action to the Superior Court of DeKalb County, Georgia.

**SO ORDERED** this 12th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE